**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0539-24**<br>GPD Report No. 24-15944 |
| v. | |
| **JOHN PAUL SAYAMA CHARFAUROS,**<br>DOB: 02/01/1997 | |
| Defendant. | **DECISION AND ORDER**<br>**GRANTING DEFENDANT'S MOTION**<br>**FOR SEVERANCE**<br>**FROM CO-DEFENDANT** |
| **JONARIE MARIE REYES CRUZ**<br>(*aka* **JONAIRE MARIE REYES CRUZ**),<br>DOB: 04/15/1994 | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on October 25, 2024 for hearing on Jonarie Marie Reyes Cruz's (*aka* Jonaire Marie Reyes Cruz's) ("Defendant Cruz's") Motion for Severance from Co-Defendant ("Motion"). Assistant Attorney General Jacob Wagner represents the People, and Alternate Public Defender Leonardo Rapadas represents Defendant Cruz. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Defendant Cruz's Motion.

## BACKGROUND

Defendant Cruz and John Paul Sayama Charfauros ("Defendant Charfauros") were indicted on various felony charges in the above-captioned case in relation to the death of T.C. ("Victim"). See Indictment (Aug. 8, 2024). Defendant Cruz was the Victim's mother, and Defendant Charfauros was the Victim's step-father. See Motion at 2 (Sep. 20, 2024).

On September 20, 2024, Defendant Cruz filed her Motion for Severance from Co-Defendant. Defendant Cruz claims a joint prosecution against herself and Defendant Charfauros will unfairly prejudice her, by violating her rights under the Confrontation Clause of the Sixth Amendment and by confusing the jurors with antagonistic defenses. Id. at 2-6.

Decision and Order Granting Defendant's Motion for Severance from Co-Defendant
CF0539-24, *People of Guam v. John Paul Sayama Charfauros & Jonarie Marie Reyes Cruz*
Page 1 of 5

On October 23, 2024, the People filed their Opposition to Defendant Cruz's Motion ("Opposition"). The People contend that Defendant Cruz is speculating about mutually antagonistic defenses, and that the Court should take other less-drastic correctional steps should such defenses arise. See Opposition at 3-4 (Oct. 23, 2024). The People also believe they can preserve the Defendants' Sixth Amendment confrontation rights by eliminating references to the co-defendants when introducing their statements to the police. Id. at 4-5.

The Court held a hearing on October 25, 2024. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I.  Preliminary Law:

A court has discretion to sever joined defendants in a case and allow for prosecution to proceed separately against each defendant. Title 8 G.C.A. § 65.35 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

See 8 G.C.A. § 65.35.

The severance rule stated above "does not ... require severance whenever prejudice is shown." See Zafiro v. United States, 506 U.S. 534, 534 (1993). "Less drastic measures, such as limiting instructions, often will suffice" when joinder creates only a minimal risk of prejudice. Id. at 534. Ultimately, the trial judge must "weigh prejudice to the defendant caused by the joinder against the obviously important considerations of economy and expedition of judicial administration" that joint trials provide. See Bradley v. United States, 433 F.2d 1113, 1117 (D.C.Cir., 1969).

However, severance should be granted "if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence." See Zafiro, 506 U.S. at 534. An example of one such

Decision and Order Granting Defendant's Motion for Severance from Co-Defendant
CF0539-24, *People of Guam v. John Paul Sayama Charfauros & Jonarie Marie Reyes Cruz*
Page 2 of 5

serious risk is the admission of evidence "against a codefendant" "that would not be admissible if a defendant were tried alone". Id. at 539.

## II. A joint prosecution against Defendants Cruz and Charfauros will unfairly prejudice them because the jury will likely consider improper evidence, and the Defendants risk being denied their rights under the Confrontation Clause of the Sixth Amendment.

Here, there are potentially several pieces of evidence that are admissible in the People's case against either Defendant Cruz or Charfauros, but not against the other. For example, both Defendants Cruz and Charfauros made extensive statements to the police, which the People will undoubtably seek to introduce at trial. See Magistrate's Complaint (Aug. 1, 2024).

These statements are admissible in the People's case against the respective declarants as admissions by an opposing party. See 6 G.C.A. § 801(d)(2)(A). However, these statements are inadmissible hearsay if offered against the non-declarant defendant.

Even if the People successfully argued these statements fit under a hearsay exception, the jurors still cannot consider them when determining the non-declarant defendant's guilt, as doing so risks violating the non-declarant defendant's rights under the Confrontation Clause of the Sixth Amendment. See Bruton v. United States, 391 U.S. 123, 126 (1968). The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him. See U.S. Cons. Amend. VI. This includes "the right of cross-examination". See Bruton, 391 U.S. at 126. However, because criminal defendants cannot be compelled to take the stand under the Fifth Amendment's privilege against self-incrimination, both Defendants Cruz and Charfauros risk being denied the opportunity to cross-examine the other should their co-defendant's admissions be used against them.

Limiting instructions that the jurors consider these statements only in the case against the declarant will not adequately reduce the "substantial risk" they improperly consider such statements in the case against the non-declarant defendant. Id. at 126. It is an "overwhelming task" for jurors to segregate evidence for consideration in determining the guilt or innocence of the declarant, while simultaneously ignoring that evidence when determining the guilt or innocence of the non-declarant defendant. See People v. Aranda, 407 P.2d 265, 271 (Cal. 1965). "The risk of prejudice is

Decision and Order Granting Defendant's Motion for Severance from Co-Defendant
CF0539-24, *People of Guam v. John Paul Sayama Charfauros & Jonarie Marie Reyes Cruz*
Page 3 of 5

heightened" given that this is already a particularly "complex" murder case involving multiple defendants. See *Zafiro*, 506 U.S. at 539. Simply put, it would be a "naive assumption" to believe that a jury instruction will overcome the prejudicial effects of improper consideration of evidence. See *Krulewitch v. United States*, 336 U.S. 440, 453 (1949). Severance should be granted because limiting instructions and other less drastic measures do not sufficiently reduce the risk of prejudice here.

**III.     A joint prosecution against Defendants Cruz and Charfauros will unfairly prejudice them by confusing and inflaming the jurors with antagonistic defenses.**

Additionally, Defendant Cruz believes she and/or Defendant Charfauros will present antagonistic defenses and blame each other for Victim's death. See Motion at 5 (Sep. 20, 2024).

Although "mutually antagonistic defenses are not prejudicial *per se*", courts retain sound discretion to grant severance should these antagonistic defenses pose a serious risk of prejudice to the defendants by compromising their trial rights. See *Zafiro*, 506 U.S. at 538. "To be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." See *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996).

Here, there is reason to anticipate antagonistic defenses that are irreconcilable at their core. It is likely the Defendants will place fault on the other in an effort to absolve themselves of blame. This is probable given the seriousness of the charges and that both defendants are alleged to have been present at the crime scene. In fact, Defendant Cruz has already hinted that a core aspect of her defense will be pointing blame towards Defendant Charfauros alone. See Motion at 5 (Sep. 20, 2024). Acquittal of Defendant Cruz under this defense will necessarily call for the conviction of Defendant Charfauros. This will unfairly prejudice Defendant Charfauros by preventing the jury from determining his "guilt or innocence … on an individual and independent basis." See *United States v. Tootick*, 952 F.2d 1078, 1086 (9th Cir. 1991).

Furthermore, the presentation of irreconcilable antagonistic defenses will prejudice the Defendants by effectively adding an "extra prosecutor" to the case against them. Id. at 1082. The People's case against each Defendant will be reinforced by the co-defendant's contradictory claims

Decision and Order Granting Defendant's Motion for Severance from Co-Defendant
CF0539-24, *People of Guam v. John Paul Sayama Charfauros & Jonarie Marie Reyes Cruz*
Page 4 of 5

and blame pointed towards the other. Each Defendant "must not only contend with the effects of the government's case against him, but he also must confront the negative effects of the codefendant's case." Id. at 1083. "The presentation of the codefendant's case becomes a separate forum in which the defendant is accused and tried." Id. at 1082. Because each defendant's claims will reinforce the People's case against the other, this too prejudices the Defendants by preventing the jury from determining their "guilt or innocence ... on an individual and independent basis." Id. at 1086. Severance of the case is necessary given the inevitable substantial prejudice that will result should the case proceed against both Defendants jointly.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant Cruz's Motion. It is ordered that this matter concerning Defendant Cruz be severed from that of Defendant Charfauros. Defendant Cruz's new case file shall now be CF0539-24-01.

**IT IS SO ORDERED** this ___NOV 1 9 2024___



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_AG, APO, T-Timblin_

Date: _11/19/24_ Time: _2:41 pm_

_Antonio A. Cruz_
Deputy Clerk, Superior Court of Guam

Decision and Order Granting Defendant's Motion for Severance from Co-Defendant
CF0539-24, *People of Guam v. John Paul Sayama Charfauros & Jonarie Marie Reyes Cruz*
Page 5 of 5